IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNA MALES,                  )
                             )
        Plaintiff,           )
                             )   CIVIL ACTION
v.                           )
                             )   Case No. 10-1071 -CM
NATIONWIDE RECOVERY          )
SYSTEMS, INC.,               )
                             )
        Defendant.           )
                             )

## MEMORANDUM AND ORDER

Plaintiff filed this case on March 9, 2010. On April 16, 2010, before defendant answered plaintiff's complaint or filed a motion for summary judgment, plaintiff filed a document entitled "Notice of Voluntary Dismissal Pursuant to Settlement" (Doc. 3). In that document, plaintiff purports to dismiss this case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Under Rule 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss a case without a court order by filing a notice of dismissal before the defendant files an answer or a motion for summary judgment. Rule 41(a)(1)(B) provides that such a dismissal is, by default, without prejudice, but exceptions may apply.

Although plaintiff seeks to dismiss this case without an order of the court, plaintiff requests additional relief in her motion. Specifically, she requests that the matter be dismissed without prejudice and without costs, with leave for plaintiff to seek reinstatement within 45 days from the entry of her notice of dismissal. She also asks that if the case has not been reinstated within 45 days, the dismissal automatically convert from a dismissal without prejudice to a dismissal with prejudice. Rulings to effect plaintiff's request would require a court order—an order that is unnecessary for a dismissal under Rule 41(a)(1)(A)(i).

Ordinarily, the filing of a Rule 41(a)(1)(A)(i) notice closes the case. *Janssen v. Harris*, 321

F.3d 998, 1000 (10th Cir. 2003) (citations omitted). The district court loses jurisdiction and cannot enter further orders relating to the claims. *Id.* (citations omitted); *see also Netwig v. Ga. Pac. Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004). But here, plaintiff has attempted to make a conditional dismissal of her claims. She only seeks to dismiss the case if she can retain the right to reinstate the case within 45 days. A notice of dismissal, however, must be unconditional. *See Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 509 (10th Cir. 1968); *see also Amore v. Accor N. Am., Inc.*, 529 F. Supp. 2d 85, 91 (D.D.C. 2008) ("[P]laintiff's alleged dismissal runs afoul of Rule 41(a)(1)'s requirement that notices of dismissal must be unconditional."). Where a notice "require[s] more than the Clerk's ministerial act of closing the court file," the notice is conditional. *Blue Cross & Blue Shield of Mo. v. Nooney Krombach Co.*, 170 F.R.D. 467, 471 (E.D. Mo. 1997). Because plaintiff's "Notice" is conditional, it has neither acted to close this case or deprive this court of jurisdiction.

The court therefore intends to construe plaintiff's "Notice" as a motion to dismiss pursuant to Rule 41(a)(2). *See Blue Cross & Blue Shield of Mo.*, 170 F.R.D. at 471. Before the court rules on the motion, however, the court will give plaintiff an opportunity to object to this treatment or file an unconditional notice of dismissal pursuant to Rule 41(a)(1)(A)(i). Plaintiff has until May 12, 2010 to file either an objection to this treatment of her filing or file an unconditional notice of dismissal. Otherwise, the court will treat Doc. 3 as a motion to dismiss pursuant to Rule 41(a)(2).

**IT IS THEREFORE ORDERED** that plaintiff has until May 12, 2010 to file either an objection to the court treating Doc. 3 as a Rule 41(a)(2) motion to dismiss, or file an unconditional notice of dismissal.

Dated this 5th day of May 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**